IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| EDDIE CARRASQUILLO, ET AL. | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:09cv817 |
| JODY R. UPTON, ET AL. | § | |

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eddie Carrasquillo, along with 772 other plaintiffs, all inmates either currently or formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this action be dismissed for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiffs filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiffs' objections are without merit. Contrary to their assertions, the magistrate judge's recommendation for dismissal was based on plaintiff's failure to file within the applicable two year statute of limitations, not upon jurisdictional considerations. Plaintiffs can not circumvent the Texas two year limitations statute by fanciful allegations that the conditions many citizens in Southeast Texas endured after the hurricane were, for the inmates, " torture," "cruelty," and "inhumane." The Texas statute is clear - the limitation period for "personal injury" is two years, regardless of how such personal injury occurs. Tex. Civ. Prac. & Rem. Code § 16.003 (Vernon 2002). This Circuit has consistently applied the two year limitations period is applicable to *Bivens* actions such as this filed in Texas. *See Spotts v. United*

*States*, __ F.3d __, 2010 WL 2991759, at *10 (5th Cir. July 30, 2010); *Brown v. NationsBank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999).  As plaintiffs' claims were not filed until almost four years after the incident, plaintiff's claims are barred by limitations.

Plaintiffs' objections about the *sua sponte* nature of the dismissal are likewise groundless. Accepting Plaintiffs' "parade of horribles" as true, the Amended Complaint [Doc. # 3] establishes on its face the applicability of the two year limitations bar by alleging that the following events happened on the dates indicated :

1. The date Hurricane Rita struck the area - September 24, 2005;

2. The date the mandatory evacuation ended - October 10, 2005;

3. The date on which the water testing lab reopened - October 3, 2005;

4. The date the lock down ended - November 2, 2005;

5. The date on which temporary electricity was restored - October 30, 2005;

6. The date on which medical services were restored - October 6, 2005;

7. The date on which full food service was restored - October 29, 2005; and

8. The time inmates were allegedly deprived of exercise and unable to wash or to change into fresh clothing - five weeks after September 24, 2005.

It is apparent from the face of plaintiffs own amended complaint that the events upon which Plaintiffs' claims are predicated occurred more than two years prior to the filing date of this suit, which was August 31, 2009.[1]  A *sua sponte* dismissal is not error.

---

[1] Plaintiffs admit that this suit "shares a common core of facts" with a similar suit by inmates that also arose out the aftermath of Hurricane Rita.and that "on September 25, 2009, the *four year statue of limitations for all Spotts Plaintiffs will expire*, and their rights will be extinguished." [Doc. 3, p. 23 of 81][emphasis added].

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **17** day of **September, 2010.**

_____
Ron Clark, United States District Judge